In the Matter of IRWIN CHILSON, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR inter alia to review a determination of appellant Board of Education, made after a hearing, which (1) found petitioner guilty of conduct unbecoming his position of senior painting inspector in the board's employ, etc., and (2) dismissed him as of March 5, 1969, the appeal is from so much of a judgment of the Supreme Court, Kings County, entered May 1, 1972, as annulled the determination to the extent of reducing the dismissal to a period of suspension commencing March 5, 1969. Judgment reversed insofar as appealed from, on the law, and determination confirmed, with costs. There is no question here of substantial evidence to support the determination as to petitioner's guilt. The sole question is whether the sanction imposed was excessive. We do not believe so. Petitioner was convicted in the Supreme Court, New York County, in early 1971, upon his plea of guilty, of the misdemeanor of receiving unlawful gratuities. At his departmental trial held thereafter, in May, 1971, he made no attempt to offer material and testimony as to the circumstances surrounding the charges which resulted in his guilty plea. Instead, his proof consisted of three character witnesses who attested to his competency and trustworthiness. The argument is made that dismissal is too severe a penalty in view of petitioner's unblemished record of 21 years and because dismissal will result in the loss of his pension benefits. We are of the opinion that the matter of discipline is best left to the discretion of the appellant board. Where that discretion is not abused, and we are of the view such was the case here, the sanction imposed by the board should not be disturbed. Petitioner was in a position of authority and he misused that position. Also, pension benefits are compensation for "faithful service", but petitioner, by his conviction, has shown his service was not faithful (see Matter of Giannettino v. McGoldrick, 295 N. Y. 208, 212; see, also, Matter of Mansfield, v. Murphy, 21 A D 2d 659, affd. 16 N Y 2d 986; Matter of Boris v. Murphy, 24 A D 2d 437, affd. 19 N Y 2d 873). Hopkins, Acting P. J., Munder, Christ, Brennan and Benjamin, JJ., concur.